Filed: 6/29/2023 3:15 PM
Ellen Jaggers,
District Clerk
Franklin County, Texas
By: Ellen Jaggers

13077
CAUSE NO. _____

| | | |
|---|---|---|
| B.F. HICKS, GARY BOREN and KATHY BOREN<br>Plaintiffs, | § § § § | IN THE DISTRICT COURT |
| vs | § § § | 62ND JUDICIAL DISTRICT |
| SCOTT ANDREWS, STOCKYARD SOLAR PROJECT, LLC, SADDLE HOUSE SOLAR PROJECT, LLC, ENEL ENERGY NORTH AMERICA TEXAS, LLC, ENEL GREEN POWER AZURE BLUE JAY SOLAR HOLDINGS, LLC, ENEL GREEN POWER ESTONIAN SOLAR PROJECT, LLC, ENEL GREEN POWER LILY SOLAR HOLDINGS, LLC, ENEL GREEN POWER N.A. DEVELOPMENT, LLC, ENEL GREEN POWER NORTH AMERICA, INC., ENEL GREEN POWER ROADRUNNER SOLAR PROJECT I, LLC, ENEL GREEN POWER ROADRUNNER SOLAR PROJECT II, LLC and ENEL GREEN POWER ROSELAND SOLAR, LLC<br>Defendant(s). | § § § § § § § § § § § § § § § § § § § § § § § | FRANKLIN COUNTY, TEXAS |

## PLAINTIFFS ORIGINAL PETITION FOR ANTICIPATORY TEMPORARY AND PERMANENT INJUNCTION, JURY DEMAND AND DISCOVERY REQUEST

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **B.F. HICKS, GARY BOREN and KATHY BOREN,** collectively

Plaintiffs, submitting this Plaintiffs' Original Petition for Anticipatory Temporary and Permanent

Injunction, Jury Demand and Discovery Requests against Defendants **SCOTT ANDREWS,**

**STOCKYARD SOLAR PROJECT, LLC, SADDLE HOUSE SOLAR PROJECT, LLC,**

**ENEL ENERGY NORTH AMERICA TEXAS, LLC, ENEL GREEN POWER AZURE**

1

BLUE JAY SOLAR HOLDINGS, LLC, ENEL GREEN POWER ESTONIAN SOLAR PROJECT, LLC, ENEL GREEN POWER LILY SOLAR HOLDINGS, LLC, ENEL GREEN POWER N.A. DEVELOPMENT, LLC, ENEL GREEN POWER NORTH AMERICA, INC., ENEL GREEN POWER ROADRUNNER SOLAR PROJECT I, LLC, ENEL GREEN POWER ROADRUNNER SOLAR PROJECT II, LLC and ENEL GREEN POWER ROSELAND SOLAR, LLC, and would show unto the Court the following:

**RULE 190**

1.  Discovery of this case is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

**PARTIES**

2.  Plaintiff, **B.F. HICKS**, (herein referred to individually as "Plaintiff Hicks") is an individual who resides in Franklin County, Texas.

3.  Plaintiffs, **GARY BOREN and KATHY BOREN**, (herein referred to collectively as "Plaintiff Boren") are husband and wife, and are individuals who reside in Franklin County, Texas. (Plaintiff Hicks and Plaintiff Boren are collectively referred to as "Plaintiffs").

4.  Defendant, **SCOTT ANDREWS**, (herein referred to as "Defendant Andrews") is an individual who can be served at 610 Black Jack Wood, Winnsboro, Texas 75494.

5.  Defendant, **STOCKYARD SOLAR PROJECT, LLC**, (herein referred to as "Defendant Stockyard") is a Delaware limited liability company, and a 310 MW/AC Solar Electric Generating Facility with a attendant 220 MW/AC storage facility (BESS), which can be served by serving its registered agent Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

6. Defendant **SADDLE HOUSE SOLAR PROJECT, LLC,** is a Delaware limited liability company, which can be served by serving its registered agent Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

7. Defendant **ENEL ENERGY NORTH AMERICA TEXAS, LLC,** is a Delaware limited liability company, which can be served by serving its registered agent Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

8. Defendant **ENEL GREEN POWER AZURE BLUE JAY SOLAR HOLDINGS, LLC,** is a Delaware limited liability company, which can be served by serving its registered agent Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

9. Defendant **ENEL GREEN POWER ESTONIAN SOLAR PROJECT, LLC,** is a Delaware limited liability company, which can be served by serving its registered agent Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

10. Defendant **ENEL GREEN POWER LILY SOLAR HOLDINGS, LLC,** is a Delaware limited liability company, which can be served by serving its registered agent Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

11. Defendant **ENEL GREEN POWER N.A. DEVELOPMENT, LLC,** is a Delaware limited liability company, which can be served by serving its registered agent Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

12. Defendant **ENEL GREEN POWER NORTH AMERICA, INC.,** is a Delaware corporation, which can be served by serving its registered agent Cogency Global Inc., at 1601

Elm Street, Suite 4360, Dallas, Texas 75201.

13. Defendant **ENEL GREEN POWER ROADRUNNER SOLAR PROJECT I, LLC,** is a Delaware limited liability company, which can be served by serving its registered agent Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

14. Defendant **ENEL GREEN POWER ROADRUNNER SOLAR PROJECT II, LLC,** is a Delaware limited liability company, which can be served by serving its registered agent Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

15. Defendant **ENEL GREEN POWER ROSELAND SOLAR, LLC,** is a Delaware limited liability company, which can be served by serving its registered agent Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

16. The ENEL Defendants are collectively referred to herein as "the ENEL Defendants"). They are a group of corporate entities organized in Delaware all of whom can be served by serving their registered agent Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201. One or more of the ENEL Defendants is a holding company owning the stock in Stockyard and Saddle House they are collectively referred to herein as Defendants ENEL. (Defendant Andrews and Defendants Stockyard and Saddle House are collectively referred to as "Defendants". All Defendants, ENEL, Andrews, Stockyard and Saddle House will be collectively referred to herein, when appropriate, as Defendants. All but the individual Defendant Andrews will be referred to herein, when appropriate, as the (Corporate Defendants".)

## JURISDICTION AND VENUE

17. Jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

18. Venue is proper in this Court because all or substantially all of the facts and circumstances giving rise to Plaintiffs' causes of action occurred in this county; all the real property at issue in this case is situated in Franklin County, Texas. The Defendants conducted substantial business in Franklin County, Texas.

## FACTS

### Introduction

19. To the uninitiated, at first blush, solar energy seems environmentally benign. However, nothing could be further from the truth. It is a wholly unregulated industry (at least in the State of Texas) that is only made economically viable by the tax breaks and subsidiary of the globalist agenda of the Biden Administration "Climate Change" legislation. No significant study has been conducted to measure the dilatory short and long term effects on the natural environment surrounding a large solar farm containing hundreds of thousands of solar panels. It will surely have an adverse effect on wild life and their natural habitat; a negative impact on agricultural economy through livestock and poultry operations, including, most specifically in East Texas, the dairy and beef cattle industry.

Franklin County Commissioner Jerry Cooper has researched the solar energy projects subject to this lawsuit and has submitted an exhaustive list of concerns to the Attorney General of Texas. A true and correct copy of this correspondence is attached hereto as **Exhibit 1**.

The Franklin County Commissioners' Court initially instituted a Moratorium on solar development until further study. However, this Moratorium was rescinded when County

Attorney Landon Ramsay exclaimed, in a public meeting, without providing authorities, that the County Commissioners could be individually liable for the consequences of the Moratorium.

**Exhibit 2**

Solar energy is a gift that keeps on taking. At the end of their useful life, the panels and batteries are toxic waste for which no adequate disposal plan has been devised.

So far, there are no environmental impact statement requirements or any other meaningful regulation of the solar industry because of the Biden Administration's haste to implement its agenda.

**Plaintiff B.F. Hicks**

20. Plaintiff Hicks owns approximately 1,000 acres of pristine Texas prairie, as evidenced by the conveyances attached hereto as **Exhibit 3.**

21. Defendant Andrews owns the acreage surrounding Plaintiff Hicks on two sides. Defendant Andrews is acting as an agent somewhat akin to a "Landman" for Defendants Stockyard, Saddle House and ENEL. (**Exhibit 4**)

22. Defendant Andrews intends to sell said acreage to Defendants ENEL or one of its subsidiaries.

23. Defendants Stockyard and Saddle House have announced their intent to install 620,000 solar panels, DC electric lines that run to a 220 MW BESS on the land surrounding Plaintiff Hicks' pristine prairie acreage. (See **Exhibit 5**).

24. The panels, in such great numbers, concentrated in one spot, will shed toxic waste residue from the manufacturing process with initial rainfall and continue to do so via deterioration over the life of the panels. This toxic waste, mixed with rain groundwater, will run onto Plaintiff's land which is less than 100 feet down stream of the proposed installations. Denuding the ground

beneath the panels will require toxic herbicides and increase erosion on Plaintiff's land. Solar farms create islands of increased heat. The construction period will be prolonged and consists largely of the continual driving of piles which creates noise pollution and will destroy Plaintiff Hicks' ability to enjoy this pristine Texas prairie land. Upon completion, the panels and inverters will create a continuous humming sound which will have the same deleterious effect. All of this noise pollution is detrimental to surrounding wild life, especially birds.

25. Plaintiff's family land, which will be surrounded on three sides by the proposed solar farm, is unique in that it consists of approximately 1,000 acres of untouched, unplowed, and unspoiled Texas prairie land. It has enjoyed protected status for over 25 years and Plaintiff Hicks gifted a conservation easement on the land restricting development.

26. In addition, the "view pollution" will destroy the natural views across the horizon[1]. All of the above will adversely impact the value of the land, both as a natural preservation of vintage Texas and as an asset.

**Plaintiffs Gary and Kathy Boren**

27. Plaintiffs Boren own 5 acres in Franklin County, Texas as evidenced by the conveyance, attached hereto as **Exhibit 6,** upon which they have resided for twenty-three years (23) to enjoy the many benefits of bucolic country life including quiet, serenity, unobstructed view and clean air.

28. A BESS is, simply stated, a collection of large lithium batteries for the purpose of storing electricity.

---

[1] To quote a Commissioner in Maryland "view does not matter? If not, why is it always emphasized by real estate agents . . . if you choose to life in the country you deserve to look out windows of pastures and not arise of solar panels."

PLAINTIFF'S ORIGINAL PETITION FOR TEMPORARY AND PERMANENT INJUNCTION, JURY DEMAND AND DISCOVERY REQUEST                                                        PAGE 7

29. The well-known danger of the lithium batteries comprising a BESS are fire, emission of toxic chemicals and gasses, and even explosion. A BESS is so hazardous that it should be surrounded by an Evacuation Zone in the event of a mishap as described above. e.g. **Exhibit 7.**

30. Plaintiffs Boren live and own property within 200 yards of the proposed BESS.

31. If (or, probably when) there is an incident at the BESS causing emission of toxic gasses, fire, or explosion, the Borens and everyone within the evacuation zone, will be required to leave their property until the danger has been eliminated. (Images of East Palestine, Ohio are brought to mind.) The BESS threatens not only the property value of the Boren's but their health and that of everyone in the Evacuation Zone.

32. There is more than a possibility of a leak of hydrogen chloride and hydrogen fluoride (deadly gases) that, being heavier than air, flow across the ground creating a deadly fog to every living entity. This would be catastrophic and fatal to the Borens and anyone else in the Evacuation Zone and even beyond if it is undiscovered for any period of time.

**Irreparable Injury, No Adequate Remedy at Law**

33. These actions of Defendants, if allowed to continue, will cause irreparable injury to Plaintiffs Hicks' and Boren's real estate for which there is no adequate remedy at law. The real estate of Plaintiffs is unique and, once despoiled by the actions of Defendants, cannot be restored.

**NUISANCE DEFINED**

34. Nuisance is a condition that "substantially" interferes with the use and enjoyment of land by causing "unreasonable" discomfort or annoyance to persons of "ordinary" sensibilities attempting to use and enjoy the land. Determining what is "substantial," "unreasonable," and "ordinary" in this definition of nuisance is a jury question. The standard for determining whether

the effects of the interference are unreasonable is an objective one based on a person of ordinary sensibilities.

## CAUSES OF ACTION ARISING IN NUISANCE

### INTENTIONAL NUISANCE:

35. The Defendants have and will act with the desire to create an interference or with knowledge that the interference is substantially certain to result and are liable for intentionally causing the interference even if the defendant does not agree that the interference is substantial or that the effects on the plaintiffs are unreasonable.

### NEGLIGENT NUISANCE:

36. The Defendants have and will act in a manner that will cause damage to Plaintiffs' land by acting in such a manner that would not be engaged in by persons using ordinary care.

### STRICT-LIABILITY NUISANCE:

37. A strict liability claim is based on conduct that constitutes an "abnormally dangerous activity".

### ANTICIPATORY NUISANCE

38. The Doctrine of Injunctive Relief For Anticipatory Nuisance is well established in Texas Law. *City of Marlin v. Holloway*, 192 S.W. 623 (Tex. Civ. App. 1917)

## CAUSES OF ACTION

### Intentional Nuisance

39. In accordance with the legal definitions set forth above, Defendants intend to cause and unless enjoined, will cause a temporary and permanent nuisance to Plaintiffs and Plaintiffs' real estate for which there is no adequate remedy at law.

**Negligence Nuisance**

40. In accordance with the legal definitions set forth above, Defendants have and will negligently cause, unless enjoined, both a temporary and permanent nuisance to Plaintiffs and Plaintiffs' real estate for which there is no adequate remedy at law.

**Strict-Liability Nuisance**

41. In accordance with the legal definitions set forth above, Defendants will cause a temporary and permanent nuisance for which they will be strictly liable because they are engaging in a abnormally dangerous activity for which there is no adequate remedy at law.

**Anticipatory Nuisance**

42. In accordance with the legal definitions set forth above, Defendants are causing and will cause an anticipatory temporary and permanent nuisance unless enjoined, to Plaintiffs and Plaintiffs' real estate for which there is no adequate remedy at law.

**Texas Water Code**

43. The definition of "surface water" under the Texas Commission on Environmental Quality is found in Texas Commission for Environmental Quality, Chapter 307, Texas Surface Water Quality Standards, 307.2(66).

> (66) **Surface water in the state** – Lakes, bays, ponds, impounding reservoirs, springs, rivers, streams, creeks, estuaries, wetlands, marshes, inlets, canals, the Gulf of Mexico inside the territorial limits of the state as defined in the Texas Water Code, §26.001, and all other bodies of surface water, natural or artificial, inland or coastal, fresh or salt, navigable or nonnavigable, and including the beds and banks of all water-courses and bodies of surface water, that are wholly or partially inside or bordering the state or subject to the jurisdiction of the state; except that waters in treatment systems that are authorized by state or federal law, regulation, or permit, and that

are created for the purpose of waste treatment are not considered to be water in the state.

44. The Texas Water Code states as Follows:

> Sec. 11.086. OVERFLOW CAUSED BY DIVERSION OF WATER.
> (a) No person may divert or impound the natural flow of surface waters in this state, or permit a diversion or impounding by him to continue, in a manner that damages the property of another by the overflow of the water diverted or impounded.
>
> (b) A person whose property is injured by an overflow of water caused by an unlawful diversion or impounding has remedies at law **and in equity** and may recover damages occasioned by the overflow. (emphasis supplied)

45. Each and every intrusion of surface water caused by the acts of Defendants constitutes a violation of the Texas Water Code which will cause injury to Plaintiffs' property unless enjoined for which there is no adequate remedy at law.

**Declaratory Judgment**

46. Plaintiffs further seek a Declaratory Judgment pursuant to the Declaratory Judgement Act that Defendants, if not enjoined, will cause Plaintiffs and Plaintiffs' real estate temporary and permanent damage for which there is no adequate remedy.

**ATTORNEY'S FEES**

47. In addition, Plaintiff seeks attorney's fees in accordance with the Declaratory Judgement Act, the Texas Water Code and the Texas Civil Practice and Remedies Code in the amount of $1,000,000.00.

48. The actions of Defendants have and will cause damages to Plaintiffs in an amount in

**PLAINTIFF'S ORIGINAL PETITION FOR TEMPORARY AND PERMANENT INJUNCTION, JURY DEMAND AND DISCOVERY REQUEST**                                                                    **PAGE 11**

excess of the jurisdictional limits of this Court, but not exceeding $10,000,000.00.

## JURY DEMAND

49. Plaintiffs hereby demand trial by jury.

## DISCOVERY REQUESTS

50. The foregoing Discovery Requests are intended for all Defendants

### Interrogatories

With regard to these Interrogatories and Request For Production of Documents, you are hereby advised that you are required to serve upon the undersigned attorneys, responses and answers to same within 50 days from the date of service. The Interrogatories are to be answered separately and fully in writing and under oath. Answers to the Interrogatories shall be preceded by the interrogatory to which the answer pertains. If any space is inadequate for you to complete your answer, use additional paper, number the answer and attach the same to the Interrogatories

If any information called for or requested by these discovery requests is withheld on the grounds that the information is privileged, constitutes attorney work product or trial preparation materials, or for any reason is exempt from discovery, you are instructed to provide the information required by Rule 193.3 (b) (1) (2). Specifically, you are requested to describe the information or materials withheld, without revealing the privileged information itself or otherwise waiving the privilege, sufficiently to enable the serving party to assess the applicability of the privilege and you are requested to assert a specific privilege for each item or group of items withheld.

1. "Document" or "documents" shall mean any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: papers, letters, correspondence, telegrams, teletypes,

communications, memoranda, records, contracts, agreements, tapes or other recording or transcriptions or recordings, photographs, interoffice communications, bulletins, circulars, pamphlets, brochures, schedules, price lists, studies, notices, summaries, reports, proposals for sale, graphs, charges, appraisals, manuals, minutes, notes, agenda, announcements, instructions, drafts, calendars, dairies, books, telephone logs, statements, analyses, worksheets, invoices, credit memoranda, sales slips, billing or credit statements, ledgers, computer printouts, records maintained in machine-readable forms, accounts, journals, and accounting books. This includes electronically stored data of any kind, whether or not it has ever been printed. This includes e-mail and all other forms of computerized and Internet correspondence, whether or not it has ever been printed. This constitutes a specific request for production of electronic or magnetic data pursuant to Rule 196.4 of the Texas Rules of Civil Procedure. Please produce this data in hard copy written form on white or nearly white 8 ½ x 11 unlined paper.

If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format.

2.  As used herein, the word "identify", when used in reference to a person, means information sufficient to identify and locate the person, including the full name, title, present residence and business address (if the present home and/or business address is not available, the last known home and/or business address should be provided), the name of the person's present employer, and the last known home and/or business telephone numbers.

3.  As used herein, the word "identify," when used in reference to a legal entity,

means its name, type of organization (for example, corporation, partnership, joint venture, municipality or other entity), laws under which organized, address, telephone number of principal place of business, and principal line of business.

4.  As used herein, the word "identify," when used in reference to a <u>document</u>, other than a contract or agreement, means to state (1) its date, (2) its author, (3) the type of document (e.g., papers, books, letters, correspondence, telegrams, etc.), and (4) the name of each of its present custodians. If any such document was, but is no longer in your possession or subject to your control, or in existence, state whether it is (a) missing or lost, (b) destroyed, (c) transmitted or transferred, voluntarily or involuntarily to others identifying such others, or (d) otherwise disposed of and, in each instance, explain the circumstances surrounding and authorization for such disposition and state the date of approximate dated thereof. If any of the above information is not available, state any other available means of identifying such document.

5.  As used herein, the word "identify", when used in reference to a <u>contract or agreement</u>, means (1) state the date of its making, (2) identify the parties thereto, (3) state whether the contract is in writing or is oral, (4) state the purpose of the contract, (5) state fully and precisely and separately all of the provisions or terms of said contract, including, but not limited to, any and all representations, warranties, covenants, stipulations, conditions, promises or agreements made by a party and the consideration flowing to and from all parties thereto, and (6) if the contract is in writing, in whole or in part, identify such documents in accordance with Definition 4, supra. If any of the above information is not available, state any other available

means of identifying such contract or agreement.

6. As used herein, the word "identify", when used in reference to a <u>communication</u>, statement of material fact, representation or misrepresentation (hereinafter collectively referred to as "communications") means (a) with respect to oral communications to state (1) the date of the communication, (2) the substance of the communication, (3) the person making the communication, (4) all persons present or who heard the communication, and (5) to identify all documents that relate to the communication; and (b) with respect to written communications (1) to identify the communication in accordance with Definition 4 or 5, supra, and (2) to identify all documents that relate to the communication.

7. "Or" shall be construed herein either conjunctively or disjunctively to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

8. "You", or "your" as used herein shall mean the party to whom these Interrogatories and Requests are directed, or anyone answering these Interrogatories on their behalf, or their agent, employees, representatives or anyone else authorized to act on their behalf.

9. "Person" as used herein shall mean any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, or other such entity.

10. As used herein, the term "described", when used in reference to an action, event or deed, means to state the date the event took place, the place the event occurred, the nature of

the event, and to identify all persons involved in or witnessing the event.

11. As used herein, the term "communications" means an inquiry, discussion, representation, conversation, negotiation, agreement, undertaking, meetings, telephone conversations, letter, note, telegram, telex, advertisement or other form of verbal intercourse, whether oral or written.

12. As used herein, the term "representative" means any partner, agent, employee, consultant, attorney, accountant or anyone else acting or purporting to act for, at the direction of, or on behalf of another.

13. As used herein, the term "date" means the exact day, month, and year, if ascertainable, or if not, a description of the temporal relationship of the occurrence for which the date is sought to the closest dates which are ascertainable.

14. As used herein, the terms used for Plaintiffs and Defendants, and real estate, solar farm and BESS are the same as set forth in the body of the Petition.

15. If the answer to an interrogatory, or part of an interrogatory, is contained in the answer to a previous interrogatory, please so state and refer to the interrogatory wherein the answer can be found.

**Interrogatory Request:**

1. When do you intend to commence construction of solar farm?

2. When do you intend to commence construction of BESS?

3. Please describe the connection among all Defendants.

**PLAINTIFF'S ORIGINAL PETITION FOR TEMPORARY AND PERMANENT INJUNCTION, JURY DEMAND AND DISCOVERY REQUEST**       **PAGE 16**

4. Please describe all plans for disposal of the solar panels and batteries comprising the BESS.

5. If you do not admit Admission number 1 please explain in detail how they are inaccurate.

**Document Production Request**

1. All documents referring or relating to the construction of solar farm on the real estate described on Exhibit 3.

2. All documents referring or relating to the construction of BESS on the real estate described on Exhibit 6.

3. All documents referring, relating or comprising plans for disposal of the solar panels and batteries comprising the BESS.

4. All environmental impact statements regarding the solar farm.

5. All environmental impact statements regarding the BESS.

6. All safety studies on the solar farm.

7. All safety studies on the BESS.

**Request For Admissions**

1. Admit or Deny that the allegations in this Petition are substantially true and correct.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein and, upon final hearing hereof, have judgment over and against Defendants for damages in excess of the minimum jurisdictional limits of this Court not to exceed ten million dollars, attorney's fees in the amount of one million dollars, ten thousand dollars for appeal, five thousand dollars for a writ and five thousand dollars if the writ is granted, costs, interest and general relief. Plaintiff further prays that upon hearing Plaintiffs have a

Temporary Injunction against all Defendants against and, upon final hearing, have a Permanent Injunction against all Defendants from all further development of any kind on the real estate for the purpose of constructing a solar farm or BESS.

Respectfully Submitted,

Gary E. Smith, P.C.
GRAHAM, BRIGHT & SMITH
Attorneys and Counselors

By:   /s/ *Gary E. Smith*
      GARY E. SMITH
      State Bar No. 18593700

1401 Burnham Drive
Plano, Texas 75093
850-637-2501 – Cell
469-209-8327 – Office
Gespc1@yahoo.com

**ATTORNEYS FOR PLAINTIFF**