IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| B.F. HICKS, GARY BOREN, and KATHY BOREN, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 5:23-CV-81-RWS-JBB |
| v. | § § | |
| SCOTT ANDREWS, *ET AL.*, | § § § | |
| Defendants. | | |

### ORDER

Before the Court are Plaintiffs' Objections to the Report and Recommendation of the United States Magistrate Judge (Docket No. 43). Plaintiffs filed the above-captioned action against Defendant Scott Andrews and various entity Defendants[1] for intentional nuisance, negligent nuisance, strict-liability nuisance, anticipatory nuisance, and violation of the Texas Water Code in the 62nd Judicial District Court of Franklin County, Texas. Docket No. 1. Defendants removed the case on the basis of diversity jurisdiction, and it was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636(b)(1). *Id.*

---

[1] The entity Defendants include Stockyard Solar Project, LLC, Saddle House Solar Project, LLC ("Saddle House"), and Enel Energy North America Texas, LLC, Enel Green Power Azure Blue Jay Solar Holdings, LLC, Enel Green Power Estonian Solar Project, LLC, Enel Green Power Lily Solar Holdings, LLC, Enel Green Power N.A. Development, LLC, Enel Green Power North America, Inc., Enel Green Power Roadrunner Solar Project I, LLC, Enel Green Power Roadrunner Solar Project II, LLC, and Enel Green Power Roseland Solar, LLC (collectively, the "Enel Defendants"). *See* Docket No. 1.

Plaintiffs filed a motion to remand the case back to state court (Docket No. 12) and a motion to amend (Docket No. 13). Andrews filed a motion to dismiss for improper joinder.[2] Docket No. 21. In a thorough, 34-page Report and Recommendation, the Magistrate Judge denied Plaintiffs' motion to amend (Docket No. 33) and recommended that Plaintiffs' motion to remand be denied because Andrews (the defendant who could potentially destroy diversity jurisdiction) was improperly joined.[3] Docket No. 33. Accordingly, the Magistrate Judge also recommended that Andrews's motion to dismiss be denied-as-moot. *Id.* Plaintiffs filed timely objections to the portion of the Magistrate Judge's Report that recommended dismissing Andrews for improper joinder (Docket No. 43), to which Defendants responded (Docket No. 45). For the reasons set forth below, Plaintiffs' objections are **OVERRULED**.

## BACKGROUND

Plaintiffs allege that Andrews owns the land surrounding Plaintiffs' property. Docket No. 7, ¶ 19. Plaintiffs further allege that Andrews intends to sell his acreage to the Enel Defendants, and that Defendants Stockyard and Saddle House plan to install solar panels on the property surrounding Plaintiffs' property. *Id.* ¶¶ 20–21. Plaintiffs allege that the solar panels will "shed toxic waste residue," "increase erosion on Plaintiff[s'] land," and "create islands of increased heat." *Id.* ¶¶ 22–23. In addition, construction of the solar panels will create noise pollution that is "detrimental to surrounding wildlife." *Id.* ¶¶ 24–26. Plaintiffs state that their land is "untouched" and enjoys "protected status" through a "conservation easement." *Id.* Based on Defendants'

---

[2] The Enel Defendants filed a motion to dismiss for failure to state a claim (Docket No. 14), which the Court denied without prejudice to refiling in a separate order. Docket Nos. 34, 44.

[3] The Court notes that whether Andrews was improperly joined also implicates Plaintiffs' motion to remand because Andrews would destroy complete diversity, and therefore subject matter jurisdiction, if he remains a party to this action.

construction plans, Plaintiffs filed this action asserting a variety of nuisance claims and a violation of the Texas Water Code. Plaintiffs also seek declaratory judgment and a temporary and permanent injunction. *Id.* After removal, Defendants now allege that Andrews was improperly joined in this action in an effort to destroy diversity jurisdiction, and that Plaintiffs have failed to state a plausible claim against Andrews. *See* Docket No. 21.

## LEGAL STANDARD

### I. Standard of Review for a Report and Recommendation

The Court must conduct a *de novo* review of all portions of the Magistrate Judge's report that a party has properly objected to. *See* 28 U.S.C. § 636(b)(1)(C) (The district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). For the unobjected to portions of the Magistrate Judge's report, Plaintiffs are barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203- RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

### II. Motion to Remand

For the Court to exercise subject matter jurisdiction under 28 U.S.C. § 1332, complete diversity must exist between the parties. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). The removing party bears the burden of proof to show that federal jurisdiction exists and that removal was proper. *Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 516 (5th Cir. 2021). The removing party "must establish, by a preponderance of the evidence, that the court has jurisdiction based on: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts

evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.' " *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020), *as revised* (Dec. 30, 2020)). "The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Coury*, 85 F.3d at 249.

### III. Improper Joinder

Under the doctrine of improper joinder, a court may disregard a non-diverse defendant only if the removing party proves either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Under the second category, "the test . . . is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *Smallwood*, 385 F.3d at 573. Accordingly, the burden of persuasion on the party asserting improper joinder is a "heavy one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The "existence of even a single valid cause of action against in-state defendants" that meets the *Twombly* pleading standard "requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). Finally, "any doubt about the

propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## DISCUSSION

Plaintiffs essentially raise four objections to the Magistrate Judge's Report, which the Court addresses in turn below.

**I.     The Report Uses the Correct Legal Standard for Improper Joinder**

Plaintiffs assert that while the Report outlined the "proper criterion" for analyzing removal based on improperly joined parties, it applied an "overly strict" application to the current facts. *See* Docket No. 43 at 3 (citing Docket No. 33 at 7–8). Plaintiffs argue that the lenient standard from *Smallwood v. Illinois Cent R. Co.* only permits removal due to improper joinder when there is "no reasonable basis . . . to predict that [a plaintiff] might not be able to recover against the instate defendant." *Id.* at 5.

To establish improper joinder, there must be a "reasonable basis for predicting that state law might impose liability." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). A "reasonable possibility of recovery" is more than "merely a theoretical one." *Kling Realty Co. v. Chevron United States, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009).[4] Accordingly, the Court must determine whether the allegations in the pleadings stated a plausible state law claim against Andrews. Indeed, the Magistrate Judge used this exact standard to determine that there was "no reasonable basis" that Plaintiffs could recover under their nuisance claims against Andrews. *See, e.g.*, Docket No. 33 at 6–8, 17–18.

---

[4] The Fifth Circuit "recognize[s] two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' " *Smallwood*, 385 F.3d at 573. The parties do not dispute that the issue in this case centers around the second prong regarding whether there is "no reasonable basis" that Plaintiffs could recover against Andrews on the state law claim.

II. **The Report Correctly Applies *Crosstex* to Determine Whether Plaintiff Stated A Reasonable Basis to Recover Under Their Nuisance Law Claims**

Under the *Smallwood* analysis, Plaintiffs next allege that the Magistrate Judge utilized the incorrect standard to determine whether Plaintiffs plausibly stated a claim against Andrews for nuisance and Texas water code violations. Plaintiffs allege that the Magistrate Judge's application of *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580 (Tex. 2016), the controlling Texas case for private nuisance claims, was "irrelevant, overly technical and unnecessary to the 'improper joinder' criterion." Docket No. 43 at 2. Specifically, Plaintiffs assert that the Magistrate Judge "engaged in a hyper-technical and irrelevant analysis of Texas nuisance law, apparently straining to find a reason not to remand this case." *Id.* at 4. Defendants respond, noting that the Magistrate Judge applied the case law advanced by Plaintiffs, and that Plaintiffs fail to identify an error in the Report's analysis other than a "broad and overgeneralized" characterization of the Magistrate Judge's application of *Crosstex*. Docket No. 45 at 3-4.

Indeed, it is undisputed, and in fact argued by Plaintiffs, that *Crosstex* is controlling Texas law regarding private nuisance law claims. *See Crosstex*, 505 S.W.3d at 588 (confirming that Texas recognizes a private nuisance claim as the legal injury where a defendant "substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it"). Applying *Crosstex*, the Report explains that the elements of a private nuisance claim require a plaintiff to allege that

> (1) the plaintiff had an interest in the land; (2) the defendant interfered with or invaded the plaintiff's interest by conduct that was negligent, intentional, or abnormal and out of place in its surroundings; (3) the defendant's conduct resulted in a condition that substantially interfered with the plaintiff's use and enjoyment of his land; and (4) the nuisance caused injury to the plaintiff.

Docket No. 33 at 19 (quoting *K & K Inex Properties, L.L.C. v. Kolle*, No. 13-21-00460-CV, 2023 WL 8941487, at *3 (Tex. App. – Corpus Christi-Edinburg Dec. 28, 2023)).

In lodging this objection, Plaintiffs essentially argue that the Magistrate Judge should have determined whether Plaintiffs alleged a reasonable basis for recovering under their state law nuisance claim and then criticize the Report for walking through the elements of said state law claim. Because Plaintiffs are alleging nuisance claims, the application and analysis of *Crosstex* is not only relevant, but necessary. Plaintiffs do not identify a specific error in the Report's analysis aside from the generalization that the analysis was "overly technical and unnecessary." Docket No. 43 at 2. The Magistrate Judge applied the correct law, as brought forth by Plaintiffs, and conducted a thorough analysis to determine that Plaintiffs do not have a reasonable basis to recover under their state law claims. Just because the Report does not reach Plaintiffs' desired outcome does not mean it was legal error.

### III. The Report Considered the Pleaded Facts and Correctly Determined that Plaintiffs Failed to State a Nuisance Claim Against Andrews

Plaintiffs contend that the Report failed to consider certain pleaded facts regarding their nuisance claims, specifically that Andrews had already signed an option to sell his property in favor of Defendant Saddle House and that Defendants had filed various utility, easement, and construction documents that directly related to Saddle House's option to Andrews's property. *Id.* at 6–7. Plaintiffs also argue that Defendants had already begun construction on the neighboring farm to Andrews's property, and that Andrews had "used the land inconsistent with its agricultural purpose, which made no sense, until his actions are put in context of his involvement with Defendants," including "bulldozing large oak trees" and "leaving the land fallow." *Id.*

The Report, however, specifically addresses Plaintiffs' alleged anticipated harm, as well as Andrews's alleged role in the sale of the land. In fact, the Report specifically contemplates Andrews's "inten[t] to sell his land to the Enel Defendants and Saddle House," that might eventually result in the construction of "dangerous, ugly and toxic solar farm (620,000 toxic solar

Page **7** of **10**

panels) and BESS on Andrews property." Docket No. 33 at 24. In addition, the Report also explained that Andrews's intent to sell his property is "not certain to cause imminent nuisance." *Id.* at 25–26. Further, the Report explains that Plaintiffs have not alleged a *legal* injury against Andrews, as required by *Crosstex*, because the *potential* sale of Andrews's land to the Enel Defendants, followed by the *potential* construction of the solar panels, "may or may not cause annoyance or injury." *Id.*

The Magistrate Judge applied the correct legal standard, both for improper joinder and private nuisance claims, and considered all appropriate facts. Accordingly, Plaintiffs' factual allegations fall short of establishing a reasonable basis for recovery from Andrews under their state law claims. As such, the Report's recommendation that Andrews was an improperly joined party who should be dismissed was also correct.

### IV. The Report Correctly Analyzes Whether Andrews Was a Required Party

Finally, Plaintiffs state that the Report erred in its required party analysis because Andrews "need not be a necessary or required party, only a proper party." Docket No. 43 at 2. Specifically, Plaintiffs argues that the "Magistrate wrote a lengthy analysis of whether or not Andrews was a necessary or required party which is not the standard by which improper joinder is determined." *Id.* at 2 n.2. Defendants respond that Plaintiffs mischaracterize the Report and explain that the Report conducted the proper improper joinder analysis "first, and independently," from the "required party" question. Docket No. 45 at 7. Defendants are correct. Plaintiffs do not argue that the Report's required party analysis itself was incorrect, just that it was unnecessary and improper when determining whether a party is improperly joined. As stated above, however, the Report makes a clear and correct legal finding under *Smallwood* that Andrews was improperly joined because Plaintiffs have no reasonable basis to recover under their state law claims against him. The Report reaches this conclusion *before* engaging in a required party analysis. *See supra*

Discussion, Sections I–II; *compare* Docket No. 33. at 16–22 *with id.* at 28–31. Accordingly, the Magistrate Judge's required party analysis did not implicate the separate, distinct, analysis on whether Andrews was properly joined.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiffs objected. *See* 28 U.S.C. § 636(b)(1)(C). Upon such *de novo* review, the Court has determined that the portion of the Report of the Magistrate Judge regarding Andrews's improper joinder is correct and Plaintiffs' objections are without merit. Because Andrews was improperly joined, and therefore must be dismissed from this case, the Magistrate Judge's recommendation that Plaintiffs' motion to remand be denied is also correct as the parties are indeed completely diverse. Therefore, the Court has subject matter jurisdiction over this matter.

The Court has also reviewed the remaining unobjected-to portions of the Report of the Magistrate Judge. Upon such review, the Court has determined the remainder of the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (where no objections to the Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that Plaintiffs' objections (Docket No. 43) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 33) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Plaintiffs' motion to remand (Docket No. 12) and Plaintiffs' supplemental motion to remand (Docket No. 15) are **DENIED**. Plaintiffs' claims against Defendant Scott

Andrews are **DISMISSED WITHOUT PREJUDICE** from this action. The Clerk is directed to terminate Defendant Scott Andrews from this action. It is further

**ORDERED** that Defendant Scott Andrews's motion to dismiss for improper joinder (Docket No. 21) is **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 27th day of March, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE